IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONNECT INSURED TELECOM, INC., §
 §
 Plaintiff, §
 § Civil Action No. 3:10-CV-1897-D
VS. §
 §
QWEST LONG DISTANCE, INC., §
 §
 Defendant. §

MEMORANDUM OPINION
AND ORDER

The court grants the motion of defendant Qwest Communications Company, LLC, f/k/a Qwest Communications Corporation ("Qwest") for leave to amend its answer, add counterclaims, and add a counterclaim defendant.

I

This is an action by plaintiff Connect Insured Telecom, Inc. ("Connect") against Qwest. Qwest removed the case to this court based on diversity of citizenship, and it now moves for leave to amend its answer, add counterclaims, and join CIT Telcom Management, Inc. ("CIT") as a counterclaim defendant.[1] Connect opposes the motion, contending that (1) it is futile for Qwest to add CIT as a counterclaim defendant because CIT is a "dead and buried" corporation and (2) if Qwest adds CIT as a defendant,

---

[1] Qwest filed this motion on January 5, 2011, and it filed a supplement to the motion on January 19, 2011. Connect filed a response and objection on January 24, 2011, but it is unclear whether the response is intended to relate to the January 5, 2011 motion, the January 19, 2011 supplement, or both. The court grants Qwest's January 5, 2011 motion as supplemented on January 19, 2011.

diversity jurisdiction will be defeated.

II

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend, however, "'is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "[T]he district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the October 25, 2010 scheduling order, the court established February 25, 2011 as the deadline for a party to file a motion for leave to amend. February 25, 2011 is also the deadline for a party to file a motion for leave to join other parties. When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Qwest's January 5, 2011 motion is therefore presumed to be timely.

III

Connect opposes Qwest's motion on the ground of futility, contending that CIT is a "dead and buried" Texas corporation that is not amenable to suit. Qwest responds that even if CIT is a "dead and buried" Texas corporation, CIT is amenable to suit for three years after it forfeited its charter. Qwest also notes that Connect does not argue against Qwest's amending its answer or adding counterclaims.[2]

Connect cites *Burlington Northern and Santa Fe Railway Co. v. Consolidated Fibers, Inc.*, 7 F.Supp.2d 822 (N.D. Tex. 1998) (Cummings, J.), to support its contention that "dead and buried" corporations—corporations that have been dissolved and that no longer have assets—are not amenable to suit. But *Burlington Northern* discusses a corporation's amenability to suit under the

---

[2] [T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at *1-2 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am.,* 2002 WL 206454, at *1-2). This practice applies at least with the same force when one party opposes the joinder of another party based on futility. Here, however, Connect maintains that allowing joinder will defeat the court's diversity jurisdiction. Because the court's subject matter jurisdiction could be at issue, it will address the futility argument.

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and notes that although "dead and buried corporations are not amenable to suit under CERCLA, that does not foreclose all potential remedies against dead and buried corporations. Many states have fashioned mechanisms which allow the courts to look through a corporation's mere dissolution and attach its assets, especially to avoid patently inequitable results." *Burlington N.*, 7 F.Supp.2d at 828-29. For example, Qwest points out that, under Texas law, directors who wrongfully distribute assets without adequate provision for creditors remain liable for wrongfully distributed amounts. In other words, even if CIT is "dead and buried," if Qwest obtains a judgment against CIT, Qwest may be able to collect the judgment from CIT's directors. Thus the court concludes that it should not deny Qwest's motion for leave to amend based on futility.

IV

Connect contends that, if CIT is added as a counterclaim defendant, the court will no longer have diversity jurisdiction. Connect argues that the court must scrutinize a proposed amendment more closely if it will add a non-diverse party and destroy diversity jurisdiction. Qwest replies that diversity jurisdiction requires diversity between *opposing* parties, not between parties on the same side of the case.

Qwest seeks to add counterclaims against Connect and CIT,

jointly and severally, and argues that the court must align Connect and CIT together for purposes of determining whether there is diversity jurisdiction. When Connect and CIT are aligned on the same side of the docket, the court has diversity jurisdiction.[3] Therefore, this ground of Connect's opposition does not persuade the court to deny Qwest's motion.

* * *

Qwest's January 5, 2011 motion for leave to amend its answer, add counterclaims, and add CIT as a counterclaim defendant, as supplemented by Qwest's January 19, 2011 filing, is granted. Qwest must file its amended pleading within seven calendar days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

February 8, 2011.

                            _____
                            SIDNEY A. FITZWATER
                            CHIEF JUDGE

---

[3]The court does not suggest that the proposed counterclaim properly pleads CIT's citizenship. The court will independently evaluate that question, if necessary. But there is no indication that, so aligned, CIT and Qwest would be citizens of the same state.